IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TROKON DIAHN, *et al.*, | : | Civil No. 1:23-CV-00004 |
| Petitioner, | : | |
| v. | : | |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Pending before the Court is Petitioner Trokon Diahn's ("Petitioner") petition for a writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2254. (Doc. 1.)  For the reasons set forth below, the petition will be dismissed as moot without prejudice.

## BACKGROUND

On November 30, 2022, while incarcerated at the Federal Correctional Institution in Camp Hill, Pennsylvania ("SCI-Camp Hill"), Petitioner commenced the above-captioned action by filing a Section 2254 petition. (Doc. 1.)  The petition is not signed by Petitioner, but the certificate of service is signed by Petitioner's father, David S. O. Smith.  (*Id.*, p. 10.)[1]  The court received the petition on January 3, 2023.  (*Id.*)  On January 17, 2023, the court entered an order serving a copy of the petition on Respondents.  (Doc. 3.)  Respondent filed a response to

---

[1] For leave of reference, the court uses the page numbers from the CM/ECF header.

1

the petition on February 3, 2023, seeking denial of the petition because it is unsigned and because Petitioner is not in the custody of the Department of Immigration and Customs Enforcement ("ICE"). (Doc. 8.)

Following the Respondent's filing, the court reviewed the Pennsylvania Department of Corrections ("DOC") Inmate Locator, which revealed that Petitioner is no longer in DOC custody. The DOC inmate locator is available at the following website: https://inmatelocator.cor.pa.gov/#/. Thus, on December 2, 2024, the Court issued an order directing Petitioner to show cause why his petition should not be dismissed as moot. (Doc. 10.) Petitioner has been released from custody and has not updated the court of his address.[2] The court's December 2, 2024 order has been returned to the court as "released." (Doc. 11.)

## DISCUSSION

"Article III of the [United States] Constitution limits federal 'judicial Power' to the adjudication of 'Cases' or 'Controversies.'" *Abreu v. Superintendent Smithfield SCI*, 971 F.3d 403, 406 (3d Cir. 2020) (quoting *Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 137 (3d Cir. 2009) (quoting U.S. Const. art. III, § 2)). In order "[f]or a case or controversy to exist, a petitioner, throughout each stage of the litigation, 'must have suffered, or be threatened with, an actual injury traceable

---

[2] On January 4, 2023, Petitioner was notified of the affirmative obligation to update the court with any change in address. (Doc. 2.)

to the [respondent] and likely to be redressed by a favorable judicial decision.'" *See id*. (quoting *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005)) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). Consequently, "a habeas corpus petition generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought." *See id.* (citing *DeFoy*, 393 F.3d at 441).

Nevertheless, a petitioner who has been released from custody "may obtain judicial review of a [habeas] petition by showing that he continues to suffer from secondary or collateral consequences of his conviction," *see id*. (citations omitted), or sentence, *see Burkey v. Marberry*, 556 F.3d 142, 148 (3d Cir. 2009). Generally speaking, "collateral consequences will be presumed when the [petitioner] is attacking his conviction while still serving the sentence imposed for that conviction [and] where the [petitioner] is attacking that portion of his sentence that is still being served." *See id*. (citing *United States v. Jackson*, 523 F.3d 234, 242 (3d Cir. 2008)).

Once a petitioner has been released, however, the court does "not presume that a conviction carries collateral consequences." *See Abreu*, 971 F.3d at 406 (citing *Burkey*, 556 F.3d at 148). Instead, the Court "must 'address[ ] the issue of collateral consequences in terms of the likelihood that a favorable decision would redress the injury or wrong.'" *See id*. (quoting *Burkey*, 556 F.3d at 148). For that

3

reason, "[i]t is not enough if 'collateral consequences proffered by the petitioner' amount to 'a possibility rather than a certainty or even a probability.'" *See id.* (quoting *Burkey*, 556 F.3d at 148).

Consistent with these principles, the court finds that, while the instant petition is generally moot, as Petitioner appears to have been released from custody, Petitioner may still obtain judicial review of his sentence if he can show that he continues to suffer from secondary or collateral consequences of that sentence. *See id.* Here, the period of time granted for Petitioner to demonstrate that he continues to suffer from secondary or collateral consequences of his sentence has passed, and Petitioner has failed to respond. As a result, his petition will be dismissed as moot.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327

(2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will be issued.

## CONCLUSION

Accordingly, for the reasons set forth above, Petitioner's Section 2254 petition will be dismissed without prejudice as moot. An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Date: January 3, 2025